IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 16-47-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| JONATHON ALLEN FARRAN, | |
| Defendant. | |

Defendant Farran moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. He is currently serving a 72-month sentence for a federal drug offense. *See* Judgment (Doc. 33). His projected release date is February 27, 2022. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Mar. 16, 2021).

As of March 13, 2021, no one at FPC Yankton, South Dakota, where Farran is incarcerated, has a confirmed, open case of COVID-19. One hundred forty-six inmates and 17 staff members have recovered. *See* Interactive Map, www.bop.gov/coronavirus (accessed Mar. 16, 2021).

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce Farran's sentence if "extraordinary and compelling reasons warrant

1

such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[1] Farran must also show that he "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." Section 3142(g) requires the Court to consider, among other things, "the nature and circumstances of the offense" of conviction and "the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 31242(g)(1), (3)(A).

Farran is 37 years old and has a body-mass index of 34.5. His obesity *will* increase his risk of developing severe illness from COVID-19. *See* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Mar. 16, 2021). But Farran does not make a strong

---

[1] The statute provides that any sentence reduction must be consistent with the applicable policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). But the guideline has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. To date, the Ninth Circuit has not addressed the issue, but other appellate courts have concluded that U.S.S.G. § 1B1.13 applies only to motions for release filed by the Director. *See, e.g.*, *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020). Whether the guideline is legally binding or not, it might be a useful *guideline* in evaluating the motion.

showing of an extraordinary and compelling reason to reduce his sentence.[2]

In addition, Farran is doing reasonably well in prison and has earned placement in a prison camp. He did not obtain early transfer to home confinement, but he is in line for transfer to home confinement or a prerelease center at the appropriate time. *See* Mot. Ex. J (Doc. 40-1 at 11).

Finally, the Court is not persuaded that Farran no longer poses a danger to the public. His 72-month sentence represented a downward variance from the advisory guideline range of 87 to 108 months. *See* Statement of Reasons (Doc. 34) at 1 § III. The Court made the variance because Farran "had successfully maintained his sobriety for an extended period of time before relapsing and getting involved with the underlying criminal activity." *Id*. at 3–4 §§ VI(D), VIII. Farran himself told the Court, "It pains me hourly to reflect where i am because of a drug addiction and drug abuse." Presentence Report ¶ 35. Yet Farran declined participation in the residential drug abuse prevention program. *See* Mot. Ex. J (Doc. 40-1 at 10); *see also* Presentence Report ¶ 69 (reporting that Farran, who had never participated in treatment, said, "*If I want to stop, I stop*.").

---

[2] Notably, Farran will have a higher priority for vaccination in the Bureau of Prisons than he would in Montana. The BOP is following the CDC guidelines concerning obesity. Montana places people with BMI over 40 in Phase 1B, but it places those with BMI between 25 and 40 in Phase 1C. *Compare* Bureau of Prisons, COVID-19 Vaccine Guidance at 6 (Mar. 11, 2021), *available at* www.bop.gov/resources/ health_care_mngmt.jsp (accessed Mar. 16, 2021), *with* Montana's Vaccine Allocation Plan, *available at* covid19.mt.gov (accessed Mar. 16, 2021).

Under the circumstances of Farran's case and current situation, a sentence reduction is not warranted.

Accordingly, IT IS ORDERED that Farran's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 40) is DENIED. No motions for reconsideration will be entertained.

DATED this 16th day of March, 2021.

Dana L. Christensen, District Judge
United States District Court