IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–47–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JONATHON ALLEN FARRAN, | |
| Defendant. | |

Before the Court is Defendant Jonathon Allen Farran's Motion for Early Termination of Supervision. (Doc. 46.) The United States defers to the discretion of the Court. (*Id.* at 2.) United States Probation Brian Hogan believes Defendant "would continue to be successful in the community, even without" supervision. (*Id.*) For the reasons below, the Court grants the Motion.

## Background

On May 25, 2017, Defendant was sentenced for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). (Doc. 33.) The Court sentenced Defendant to 72 months of imprisonment, followed by four years of supervised release. (*Id.* at 2–3.) Defendant began serving his current term of supervision on January 14, 2022. (Doc. 47 at 3.)

1

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that his supervised release should be terminated because he has reformed his character. (Doc. 47 at 15.) While incarcerated, he completed the RDAP program, an electrical apprenticeship, and multiple other classes. (*Id.* at 5.) After Defendant was released, he started his own business, bought a new truck, and made friends that are sober. (*Id.* at 11.) Importantly, Defendant has complied

2

with all the conditions of his supervised release, with the exception of one alcohol-related violation. (*Id.* at 12.)

It is evident to the Court that Defendant is committed to sobriety and self-improvement. The Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 30) is GRANTED. Jonathon Allen Farren's term of supervised release is TERMINATED as of the date of this Order.

DATED this 13th day of November, 2024.

Dana L. Christensen, District Judge
United States District Court